# UNITED STATES DISTRICT COURT
## for
## WESTERN DISTRICT OF TENNESSEE

FILED BY _cy___ D.C.

05 JUL 25  AM 10: 38

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN MEMPHIS

## WESTERN DIVISION

U.S.A. vs. __Raymond Keith McKee__

DOCKET NO. 2:01CR20085-10

### Petition on Probation and Supervised Release

**COMES NOW** ___Gerald Hunt___ **PROBATION OFFICER OF THE COURT** presenting an official report upon the conduct and attitude of __Raymond Keith McKee__ who was placed on supervision by the Honorable __Julia Smith Gibbons__ sitting in the court at __Memphis, TN__ on the __11th__ day of __February__, __2002__ who fixed the period of supervision at __three (3) years*__, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

1. The defendant shall participate in a drug treatment/testing program as directed by the Probation Office.

    *Supervised Release began on July 25, 2003.

## RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:
(If short insert here; if lengthy write on separate sheet and attach)

### SEE ATTACHED

**PRAYING THAT THE COURT WILL ORDER** a Warrant be issued for Raymond Keith McKee to appear before the United States District Court to answer charges of violation of Supervised Release.

BOND: _____

### ORDER OF COURT

Considered and ordered this 22 day of July, 2005 and ordered filed and made a part of the records in the above case.

_____
United States District Judge

This document entered on the docket sheet in compliance with Rule 55 and/or 32(b) FRCrP on _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  July 15, 2005

Gerald Hunt
U. S. Probation Officer

Place  Memphis, Tennessee

## RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

The defendant has violated the following conditions of his Supervised Release:

**The defendant shall not commit another federal, state, or local crime.**

On December 11, 2004, Mr. McKee assaulted his girlfriend, Emilee Dudas. Emilee Dudas suffered a bruised right eye, a bruise on her left cheek and bruises on both left and right arms. Mr. McKee was subsequently arrested and charged with Simple Assault- Domestic. On January 27, 2005, Mr. McKee appeared in Ripley, TN General Sessions Court and plead guilty to the above mentioned charge and was sentenced to 30 days imprisonment. A portion of the jail sentence was suspended due to good behavior.

On June 26, 2005, Raymond McKee was arrested by Ripley, TN Police and charged with Theft Class D. An investigation by Lt. C. S. Sanders revealed that Raymond McKee stole three pop-off valves from Cleveland Street Valve Company and attempted to sell them. Mr. McKee was released on a $2,500.00 bond. He is scheduled to appear on July 15, 2005 in General Sessions Court in Lauderdale County.

**The defendant shall not illegally possess a controlled Substance.**

Mr. McKee signed a voluntary admission form stating he used marijuana on 08-22-03. He also tested positive for marijuana on 10-16-03 and cocaine on 1-18-05.

**The defendant shall participate in drug treatment/testing as directed by Probation Officer.**

On July 25, 2003, Mr. McKee was referred to Professional Counseling Center for drug treatment/testing. Since the referral, Mr, McKee failed to attend 24 drug counseling sessions and failed to submit to 24 drug screens. On June 3, 2005, Mr. McKee was discharged from Professional Counseling Center due to continuous non-compliance with treatment.

# VIOLATION WORKSHEET

1. **Defendant**   Raymond Keith McKee, 4753 Hwy. 19 W., Ripley, TN 38063

2. **Docket Number (Year-Sequence-Defendant No.)**   2:01CR20085-10

3. **District/Office**   Western District of Tennessee (Memphis)

4. **Original Sentence Date**   _02_ / _11_ / _2002_
   (If different than above):    month    day    year

5. **Original District/Office**

6. **Original Docket Number (Year-Sequence-Defendant No.)**

7. **List each violation and determine the applicable grade {see §7B1.1}:**

| Violation(s) | Grade |
|---|---|
| • New Misdemeanor Criminal Conduct - Simple Assault - Domestic. | C |
| • New Felony Criminal Conduct - Theft Class D | B |
| • Use of a Controlled substance | B |
| • Failure to participate in drug treatment/testing | C |
| • | |
| • | |
| • | |

8. Most Serious Grade of Violation (see §7B1.1(b))    B

9. Criminal History Category (see §7B1.4(a))74    III

10. Range of imprisonment (see §7B1.4(a))    | 8 -14    months |
    *Being originally convicted of a Class C Felony, the statutory maximum term of imprisonment is two (2) years; 18 U.S.C. §3583(e)(3).

11. Sentencing Options for Grade B and C Violations Only (Check the appropriate box):

   { }   (a)If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

   { X }   (b)If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

   { }   (c)If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

**Mail documents to:  United States Sentencing Commission, 1331 Pennsylvania Avenue, N.W**

12. **Unsatisfied Conditions of Original Sentence**

List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation {see §7B1.3(d)}:

Restitution ($) _____N/A_____    Community Confinement _____N/A_____

Fine ($) _____N/A_____    Home Detention _____N/A_____

Other _____N/A_____    Intermittent Confinement _____N/A_____

13. **Supervised Release**

If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 {see §§7B1.3(g)(1)}.

Term: _____ to _____ years

If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment impossible upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment {see 18 U.S.C. §3583(e) and §7B1.3(g)(2)}.

Period of supervised release to be served following release from imprisonment: _____

14. **Departure**

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

15. **Official Detention Adjustment** {see §7B1.3(e)}: _____ months _____ days

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 400 in case 2:01-CR-20085 was distributed by fax, mail, or direct printing on July 28, 2005 to the parties listed.

---

Jacob E. Erwin
WAGERMAN LAW FIRM
200 Jefferson Avenue
Ste. 1313
Memphis, TN 38103

Michael Edwin Scholl
THE SCHOLL LAW FIRM
8 S. Third St.
Fourth Floor
Memphis, TN 38103--238

Edwin A. Perry
FEDERAL PUBLIC DEFENDER
200 Jefferson Ave.
Ste. 200
Memphis, TN 38103

Thomas A. Colthurst
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Financial Unit
FINANCIAL UNIT
167 N. Main St.
Ste. 242
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT